ADMINISTRATIVE COMMITTEE OF THE WAL–MART STORES, INC. ASSOCIATES' HEALTH AND WELFARE PLAN, Plaintiff–Appellee,

v.

Jean HUMMELL, Defendant–Appellant.

No. 03–1768.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 30, 2003.

Decided Oct. 7, 2003.

Before BAUER, POSNER, and DIANE P. WOOD, Circuit Judges.

### ORDER

When Jean Hummell was injured, the ERISA-covered Wal–Mart Stores, Inc. Associates' Health and Welfare Plan paid her medical expenses. The Plan requires Hummell to reimburse it without subtracting any amount for her attorney's fees if she recovers from the responsible third party. Hummell did recover and paid her attorney his one-third. Hummell then offered to reimburse the Plan, but only after deducting one-third to help pay her attorney's fees. The Plan's Administrative committee refused to accept Hummell's offer and brought a constructive trust suit against her to recover the full amount it had paid in medical expenses. Hummell claimed that the Illinois common fund doctrine entitled her to subtract attorney's fees before reimbursing the Plan regardless of Plan language. The district court held that ERISA preempts the Illinois common fund doctrine. *Admin. Comm. of the Wal–Mart Stores, Inc. Assoc. Health & Welfare Plan v. Hummell,* 245 F.Supp.2d 908, 912 (N.D.Ill.2003). Hummell contests this ruling and also argues that the district court lacked subject matter jurisdiction, relying on the theory that the Committee's demand for a constructive trust was actually a legal claim for breach of contract and thus outside the district court's jurisdiction over equitable ERISA suits under 29 U.S.C. § 1132(a)(3).

After briefing in this case concluded, we decided *Admin. Comm. of the Wal–Mart Stores, Inc. Assoc. Health & Welfare Plan v. Varco,* 338 F.3d 680 (7th Cir.2003). In *Varco* we held that an ERISA plan identical in all relevant respects to the Plan at issue in this case preempted the Illinois common fund doctrine. We also held in *Varco* that a request to impose a constructive trust over funds under the control of and traceable to the defendant, as is the case here, is an equitable action over which the district court has jurisdiction under 29 U.S.C. § 1132(a)(3). *Varco* is indistinguishable from this case, and therefore controls the outcome here. Although we appreciate the efforts of Hummell's counsel to persuade us to reconsider *Varco,* we have concluded that *Varco* correctly resolved these issues and are not inclined to revisit it.

AFFIRMED